UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at WINCHESTER

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | |
| v. | ) | Case No. 4:08-cv-5 |
| RICK L. BENNETT, | ) | Judge Mattice |
| *Defendant.* | ) | |

# MEMORANDUM AND ORDER

Plaintiff is the guarantor of Defendant's student loans pursuant to Title VI-B of the Higher Education Act of 1965, 20 U.S.C. § 1071 *et. seq.* Defendant defaulted on these loans, and Plaintiff filed the instant action to recover principal and interest.

Before the court is Plaintiff's Motion for Judgment on the Pleadings or, In the Alternative, For Summary Judgment [Court Doc. 12.] As Plaintiff attaches outside evidence to its motion, the Court will treat the motion as one for summary judgment. *See* Fed. R. Civ. P. 12(d); *Batt v. United States*, 976 F. Supp. 1095, 1096-97 (N.D. Ohio 1997) ("The decision to exclude material outside the pleadings is entirely within the discretion of the trial court."). Defendant has not filed a response to this motion, and the Court deems Defendant to have waived opposition to the motion. E.D.TN. LR 7.2. The Court, however, cannot automatically grant the summary judgment motion merely because Defendant has not filed a response in opposition. The Court is required to examine the

record and determine whether the movant has met its burden of demonstrating the absence of a genuine issue of material fact and that it is entitled to summary judgment as a matter of law. *Stough v. Mayville Cmty. Sch.*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991). After such examination, and for the reasons set forth below, the Court will **GRANT** Plaintiff's motion.

## I. SUMMARY JUDGMENT STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all inferences that can be drawn from those facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence, judge the credibility of witnesses, or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material facts exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may bear this burden by either producing evidence that demonstrates the absence of a genuine issue of material fact, or by simply " 'showing'–that is, pointing out to the district court–that there is an

absence of evidence to support the nonmoving party's case." *Id.* at 325. To refute such a showing, the nonmoving party may not simply rest on its pleadings. *Behrens v. Pelletier*, 516 U.S. 299, 309 (1996)*; see Anderson*, 477 U.S. at 249. The nonmoving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material factual dispute. *Celotex*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the case contains sufficient evidence from which a jury could reasonably find for the nonmoving party. *Anderson*, 477 U.S. at 248-49; *Nat'l Satellite Sports*, 253 F.3d at 907. If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323. If the Court concludes that a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter a summary judgment. *Anderson*, 477 U.S. at 251-52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994).

**II.    FACTS**

Throughout 1990, Defendant executed three promissory notes for student loans, in the amount of $2817.74, $1,440.00, and $2,844.20, respectively. (*See* Court Doc. 1, Compl. 4-12.) Defendant defaulted on these loans, and Plaintiff, as guarantor, issued payment to the loan holders. (*Id.* 10-12.) Plaintiff now seeks payment from Defendant.

- 3 -
Case 4:08-cv-00005-HSM-WBC   Document 18   Filed 10/01/08   Page 3 of 5   PageID #: 61

### III. ANALYSIS

To evaluate Plaintiff's claim, the Court must conduct a two-step, burden shifting inquiry. The federal government may only collect on student loan debt by establishing a prima facie case. The federal government meets this burden "if it introduces the promissory note and a certificate of indebtedness signed under penalty of perjury by a loan analyst" into evidence. *Guillermety v. U.S. Dep't of Educ.*, 341 F. Supp. 2d 682, 684-88 (E.D. Mich. 2003). After the federal government has met its burden, the debtor "has the burden of proving the nonexistence, extinguishment, or variance in payment of the obligation." *Id.* at 688.

Here, Plaintiff has provided both signed promissory notes and certificates of indebtedness for the three student loans to Defendant, and therefore establishes a prima facie case. (Compl. 4-12.) As of July 7, 2008, the total amount remaining due for these loans is $6426.38, $6495.34, and $2539.55, for a total of $15,461.27. (Court Doc. 14, Aff. of Delfin M. Reyes ¶ 5.) As Defendant has not responded to Plaintiff's motion for summary judgment, he has not borne his burden to rebut Plaintiff's prima facie case. *See Guillermety*, 341 F. Supp. 2d at 688.

### IV. CONCLUSION

For the reasons set forth above, Plaintiff's Motion for Judgment on the Pleadings or, In the Alternative, For Summary Judgment [Court Doc. 12] is **GRANTED**. A separate judgment will enter for the amount of $15,461.27 plus post-judgment interest.

SO ORDERED this 1st day of October, 2008.

                                            */s/ Harry S. Mattice, Jr.*
                                            HARRY S. MATTICE, JR.
                                        UNITED STATES DISTRICT JUDGE